IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SYNTHES SPINE COMPANY, L.P.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:07-CV-162-M (BH) |
| | § | |
| **POTENTIAL MEDICAL SERVICES I, LLC, et al.** | § | |
| | § | |
| | § | |
| Defendant. | § | Referred Motion |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and the District Court's *Order*, filed May 19, 2008, this matter was referred to the undersigned United States Magistrate Judge for hearing, if necessary, and for the issuance of proposed findings and recommendation to the District Court. Before the Court is *Plaintiff Synthes Spine Company, L.P.'s Petition for Attorneys' Fees, Costs, and Interest* (docket #137, "Petition"), filed April 11, 2008. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Plaintiff's petition should be **GRANTED** in part.

**I. BACKGROUND**

This petition for attorneys' fees, costs, and interest arises from Plaintiff Synthes Spine's ("Synthes") enforcement of a non-disclosure and non-competition agreement against its former employee, Defendant Donald Harless ("Harless"). The agreement contained a contractual provision through which Harless agreed to indemnify Synthes for its reasonable attorneys' fees and costs incurred in enforcing the terms of the agreement. (Synthes's Trial Ex. No. 1 at 3). The parties do not dispute that the agreement contains this provision.

After a three and a half day bench trial, the District Court issued its *Findings of Fact and Conclusions of Law* on March 27, 2008. (Docket #133). The District Court determined that the non-disclosure and non-competition agreement between the parties was expressly governed by Pennsylvania law and that Harless violated his agreement with Synthes.[1] (Concl. of Law, ¶¶4, 5). Specifically, the District Court found in favor of Synthes on six of the nine counts alleged in the amended complaint: breach of contract (Counts, I, II, and III), unjust enrichment (Count IV), tortious interference with existing and prospective business relations (Count VII), unfair competition (Count VII), and civil conspiracy (Count IX). (Concl. of Law, ¶¶6, 8, 9). The District Court did not find Harless liable for misappropriation of trade secrets, conversion, or negligence. (Findings of Fact, ¶¶96, 97, 98). The District Court awarded Synthes damages against all Defendants, jointly and severally, for its lost profits in the amount of $254,601. (Findings of Fact, ¶101). The District Court also awarded Synthes damages against Harless for unjust enrichment in the amount of $45,505. (Findings of Fact, ¶102).

Following the District Court's March 27, 2008 *Order* regarding attorneys' fees (docket #134), Synthes filed the instant petition with an appendix in support. (Docket #140, "App."). Harless filed objections to the petition (docket #148, "Resp."), and Synthes filed its reply. (Docket #152, "Reply"). The issue is therefore ripe for review.

## II. ANALYSIS

Synthes seeks an award of attorneys' fees and non-taxable costs against Harless in the amount of $879,046.90; pre-judgment interest against all Defendants in the stipulated amount of

---

[1] Harless asks this Court to reconsider the District Court's finding that Pennsylvania law applies to the agreement. (Resp. at 2). This request is denied. Since Pennsylvania law applies, the Court will not consider Harless's argument regarding the requirement of notice pursuant to Texas Civil Practices and Remedies Code § 38.002. (*See* Resp. at 2-3).

$14,979.00; additional pre-judgment interest against Harless in the stipulated amount of $3,306.00; an on-going and additional award of post-judgment interest against all Defendants at the stipulated daily rate of $41.85; and an on-going and additional award of post-judgment interest against Harless at the stipulated daily rate of $7.48. (Petition at 1).

**A.      Methodology for Calculation of Attorneys' Fees**

Synthes contends that the Court should apply a simple methodology of per se reasonableness for all requested fees and costs because Synthes paid the requested amount to counsel. (Petition at 13-14). In support of this assertion, Synthes cites to *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150 (7th Cir. 1996). *Balcor* found that "the best guarantee of reasonableness is willingness to pay." 73 F.3d at 153. Synthes did not cite any cases to show that Pennsylvania follows the methodology of per se reasonableness to calculate attorneys' fees. (*See* Petition at 13-14). Pennsylvania "has consistently followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception." *Merlino v. Delaware County*, 556 Pa. 422, 425 (1999). Where, as here, there is a clear contract to shift fees but the contract does not specify how those fees should be calculated, the court must determine whether the requested fees are reasonable. *McMullen v. Kutz*, 925 A.2d 832, 835 (Pa. Super. 2007). Harless does not dispute that reasonableness is an acceptable method to determine the amount owed.[2] (*See* Resp.).

---

[2] In the alternative, Synthes requests the Court to apply a lodestar and multiplier method as described in *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.* (Petition at 14, n.5 (citing 487 F.2d 161, 167-68 (3d Cir. 1973) ("*Lindy I*"); 540 F.2d 102, 117-18 (3d Cir. 1976) (en banc) ("*Lindy II*") (affirming the guidelines of *Lindy I*)). *Lindy I*, however, did not apply the lodestar and multiplier method to a question of state law, but rather to multidistrict federal antitrust litigation. Synthes did not cite any Pennsylvania cases that applied the lodestar and multiplier method to questions of state law. Pennsylvania applies the lodestar and multiplier method to state law class actions or statutes that contain fee-shifting provisions, but not to contractual agreements to shift fees. *See e.g.*, Pa. R. Civ. P. § 1716 (lodestar method for class actions); *Krebs v. United Refining Co. of Pennsylvania*, 893 A.2d 776, 792-93 (Pa. Super. 2006) (nuisance case brought under state environmental law); *Signora v. Liberty*

**B.     Calculation of Reasonableness**

Synthes requests a total of $703,485.30 in attorneys' fees for work performed by Blank Rome, LLP and local counsel.  (*See* Petition at 22-23; App. at Exs. C, D, E, F, G, L).

Harless raises three objections to the amount sought by Synthes.  He first contends that the fee award should be reduced because Synthes did not segregate fees for the time spent pursuing unsuccessful claims.  (Resp. at 3-4).  The most critical factor in determining the reasonableness of an attorneys' fee award is the degree of success obtained.  *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983) (assessing reasonableness of a fee awarded under 42 U.S.C. § 1988).  Where a party achieved only partial or limited success, however, the district court may use its equitable judgment "to attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  *Hensley*, 461 U.S. at 436; *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 423 (3d Cir. 1993) (upholding reduction in fee award for limited success on claims related to antitrust suit).  After the conclusion of the bench trial, the District Court found in favor of Synthes on six of the nine counts alleged in the amended complaint.  (Concl. of Law, ¶¶6, 8, 9).  The District Court did not find Harless liable for misappropriation of trade secrets, conversion, or negligence.  (Findings of Fact, ¶¶96, 97, 98).  Ideally, Synthes would have identified the amount of time it expended on the three unsuccessful claims.  Synthes did not do this, and the Court cannot identify specific hours from the billing records that were spent on the unsuccessful claims.  Considering that Synthes was successful on the primary claim of breach of contract and unsuccessful on three of the secondary claims, the Court uses its equitable judgment and finds that a 20% reduction is warranted to account for the limited success.  *Hensley*, 461 U.S. at 436;

---

*Travel, Inc.*, 886 A.2d 284, 293 (Pa. Super. 2005) (state law wage discrimination suit).  For contractual agreements, the guiding principle remains whether the fees requested are reasonable.  *See McMullen*, 925 A.2d at 835.

*Gulfstream*, 995 F.3d at 423. Further support for this reduction is found in the District Court's Conclusions of Law, which state that Synthes "may be entitled to attorneys' fees for breach of contract" but do not specify whether Synthes could also recover attorneys' fees for its unsuccessful claims. (Concl. of Law, ¶14).

The second objection raised by Harless to the amount requested is that it is excessive. (Resp. at 5). In support of his argument, he states that the amount charged by his attorney ($75,000) is roughly one-tenth the amount sought by Synthes. Harless does not, however, provide any analysis showing that the number of hours worked by Synthes's counsel or the hourly rates charged were unreasonable. This argument is therefore without merit. Harless's third objection is that the Court should not award fees without an evidentiary hearing. *Id*. Under Pennsylvania law, expert opinion evidence is not required unless the facts to be weighed in light of the judge's experience are disputed. *See Fidelity Nat'l Title Ins. Co. of New York v. Suburban West Abstractors*, 852 A.2d 318, 322 (Pa. Super. Ct. 2004) ("Pennsylvania law does not require that an expert testify as to the reasonableness of attorney's fees."). Since Harless does not dispute the reasonableness of the hours expended or the rates charged (other than those hours spent on unsuccessful claims), an evidentiary hearing is not necessary. *Id*.

For the reasons stated above, the requested award of $703,485.30 should be reduced by 20% to account for the three unsuccessful claims. Synthes should recover $562,788.24 in attorneys' fees for work performed on this litigation.[3] This amount is reasonable in light of the hours expended on

---

[3] Synthes requests an upward enhancement of 10% "to acknowledge the significant challenges that [it] had to overcome in reaching its successful verdict." (Petition at 19). Notwithstanding the fact that this request applies the *Lindy I* lodestar analysis to the fee request and not the reasonableness method used by this Court, the request should be denied. Synthes has not shown how it is reasonable for it to recover an enhanced amount considering the routine nature of the suit (breach of contract), the amount in damages recovered ($300,106), or the fact that Synthes' counsel was paid rather than retained on a contingent basis.

the litigation and the rates charged by counsel.[4] (*See* App. Exs. C, D, E, F, G, L). The Court further makes this determination based on its own experience in setting attorneys' fees in other cases.

### III. COSTS

A prevailing party in a civil action is entitled to recover its costs "unless the court otherwise directs." Fed. R. Civ. P. 54(d). Taxable costs include: (1) fees paid to the clerk and marshal; (2) court reporter fees for all or part of a deposition transcript; (3) witness fees and related expenses; (4) printing costs; and (5) fees for copies of papers necessarily obtained for use in the case. *See* 28 U.S.C. §§ 1821, 1920. A district court may decline to award statutory costs but may not award costs omitted from the statute. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987).

Synthes seeks $175,561.60 in taxable costs and nontaxable expenses. (*See* Petition at 23). The bulk of this request ($151,492.61) is for expert witness fees (App. Ex. M), and the second greatest category is for computer-aided legal research. (App. Ex. L, at 248-51). It is undisputed that the non-disclosure and non-competition agreement between the parties contained a contractual provision through which Harless agreed to indemnify Synthes for its reasonable attorneys' fees *and costs* incurred in enforcing the terms of the agreement. (Synthes's Trial Ex. No. 1 at 3) (emphasis added). Harless raises no objections to Synthes request for costs (*see* Resp.), nor does he object to the inclusion of expert witness fees or computer-aided legal research within the agreement's definition of costs. The Court notes that Synthes's request is supported by billing records. (*See* App. Ex. C, D, E, F, G, L, M). Since there is no objection and the request is supported by billing records, Synthes should be awarded $175,561.60 in taxable costs and nontaxable expenses.

---

[4] The hourly rates ranged from $185 to $535 for attorneys and $90 to $150 for paralegals. These rates are reasonable for legal professionals with the level of ability, competence, experience, and skill as those retained by Synthes in this matter.

## IV. INTEREST

In its March 27, 2008 Conclusions of Law, the District Court awarded prejudgment and post-judgment interest to Synthes. (Concl. of Law, ¶14). The parties conferred and agreed that Synthes is entitled an award of prejudgment interest in the amount of $14,979 against all Defendants and an additional $3,306 against Harless only for the period running from January 25, 2007 (the date of the complaint) to April 11, 2008 (the date requested by the District Court). (Petition, at 22; App. Ex. B; *see* Resp. (no objection raised to request for award of interest)). The parties further stipulated to an award of post-judgment interest in the amount of $41.85 per day for all Defendants and $7.48 per day for the judgment against Harless from April 12, 2008, and continuing until the judgment is satisfied. *Id*. Since the parties agreed to these amounts, the request for prejudgment and post-judgment interest should be granted.

## V. CONCLUSION

For the reasons stated above, the Court recommends that *Plaintiff Synthes Spine Company, L.P.'s Petition for Attorneys' Fees, Costs, and Interest* should be **GRANTED** in part. Synthes should recover the amount of $562,788.24 as reasonable attorneys' fees. The amount of taxable costs and nontaxable expenses awarded should be $175,561.60. Synthes should be awarded prejudgment interest in the amount of $14,979 against all Defendants and an additional $3,306 in prejudgment interest against Harless only. The total award for attorneys' fees and costs should be $756,634.84. Synthes should also receive an award of post-judgment interest in the amount of $41.85 per day against all Defendants and an additional $7.48 per day against Harless only from April 12, 2008, and continuing until the judgment is satisfied.

**SO RECOMMENDED** on this 3rd day of September, 2008.

                                                          **IRMA CARRILLO RAMIREZ**
                                                         **UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

                                                         **IRMA CARRILLO RAMIREZ**
                                                       **UNITED STATES MAGISTRATE JUDGE**